IN THE CIRCUIT COURT FOR
PRINCE GEORGE'S COUNTY

| | | |
|---|---|---|
| AMIR SOHRAB, | * | |
| 1711 Dellabrooke Farm Lane | | |
| Brookeville, MD 20833, | * | |
| | | |
| and | * | |
| | | |
| CHARLENE SOHRAB, | * | |
| 1711 Dellabrooke Farm Lane | | |
| Brookeville, MD 20833, | * | |
| | | |
| Plaintiffs | * | Civil Action No. *CAL 12-36947* |
| | | |
| v. | * | |
| | | |
| NASA FEDERAL CREDIT UNION | * | |
| 500 Prince Georges Boulevard | | |
| Upper Marlboro, MD 20774, | * | |
| | | |
| Serve: Douglas Allman, President | * | |
| 500 Prince Georges Boulevard | | |
| Upper Marlboro, MD 20774, | * | |
| | | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

COMPLAINT

Plaintiffs Amir Sohrab ("Amir") and Charlene Sohrab, by their undersigned counsel,

bring this action Defendant NASA Federal Credit Union ("NASAFCU") and for their complaint

allege as follows:

1.      Plaintiffs are individuals residing at 1711 Dellabrooke Farm Lane in Brookeville,

Maryland, where they resided at the time of all events alleged herein.

2. Defendant is a federally chartered credit union with its headquarters office at 500 Prince George's Boulevard in Upper Marlboro.

3. Defendant is currently and has for many years been engaged in the business of extending, renewing, or continuing credit.

4. Defendant offers and makes available to individuals credit that is primarily used by those individuals for personal, household, and family purchases.

5. Plaintiffs currently are the obligors on a loan secured by a deed of trust against their residence, and on December 15, 2011, Plaintiff Amir consulted with Ms. Mary Nezam ("Nezam"), an employee of Defendant in its Rockville Branch, about refinancing their loan.

6. Plaintiff Amir consulted with her pursuant to documentation that he received from Defendant; this documentation given to accountholders as receipts withdrawals from their accounts offers a "free mortgage rate analysis and check-up" and invites accountholders to "speak with a mortgage expert today!"

7. At the times alleged herein, Nezam was one of those held out to the public by Defendant as a mortgage expert and her jobs duties in that position included accepting applications from consumers for refinancing and then communicating with those consumers on behalf of the bank about those applications.

8. During the discussion on December 15, 2011, Nezam told Amir that Plaintiffs' debt to income ratio exceeded the guidelines for NASAFCU's refinance program but that if Plaintiffs took the following steps, then they would be approved for a refinancing: trade Plaintiffs' 2010 Prius for another vehicle; pay off Plaintiffs' NASFCU credit card in the amount

-2-

of $7,800; pay off the $5,500 balance on their Toyota credit card; pay off the $2,700 balance on the Wells Fargo credit card; and pay $5,000 of the balance on the Chase credit card.

9.     After Amir spoke with Nezam, Plaintiffs took these action recommended by Nezam in reliance upon her statement that they would be approved for a refinancing upon taking these actions.

10.     In January, 2012, Nezam stated to Plaintiff Amir that Plaintiffs had been recommended for loan approval.

11.     Nezam later told Plaintiff Amir that the loan could not be approved unless Plaintiffs removed their dispute with Citimortgage concerning the information from Citimortgage in Plaintiffs' credit file.

12.     After Plaintiffs removed that dispute from their credit file, Nezam told Plaintiff Amir in March, 2012, that "all was great" and that Plaintiffs had been recommended for approval of their refinancing.

13.     In reliance upon what Nezam had stated, Plaintiffs paid $400 for an appraisal of their property.

14.     By letter dated April 5, 2012, Plaintiffs' application for refinancing was denied.

15.     The reasons stated for the denial were excessive obligations in relation to income, inability to verify income, and collection action or judgment.

## COUNT I
### Equal Credit Opportunity Act - 15 U.S.C. § 1691(d)

16.     Plaintiffs hereby incorporate the preceding paragraphs 1 through 15 herein by reference as if the same were fully set forth herein.

-3-

17.     Plaintiffs made an application to Defendant for refinancing of the indebtedness secured by their residence.

18.     The reasons that Defendant stated for denial of the application of Plaintiffs for refinancing were inaccurate, and were known to be inaccurate, and therefore the violation of the statute was intentional.

19.     The statement that obligations were excessive in relation to income was inaccurate because some of the obligations that were deemed excessive were to be paid with the proceeds of the refinancing, and the obligations would not have been excessive once that payment had been made.

20.     The statement of inability to verify income was inaccurate because Defendant in fact verified Plaintiffs' income through their tax returns and contacts with their employers.

21.     The statement that Plaintiffs had a collection action or judgment was inaccurate because Plaintiffs had no judgment or debt that was the subject of collection.

22.     Plaintiffs have suffered actual damages as a result of the denial of credit based upon inaccurate reasons because they would have had a lower interest rate and monthly payment absent the denial of their application.

## COUNT II
Equal Credit Opportunity Act - 15 U.S.C. § 1691(a)

23.     Plaintiffs hereby incorporate the preceding paragraphs 1 through 22 herein by reference as if the same were fully set forth herein.

24.     Plaintiffs had in good faith disputed what Citimortgage had reported to the consumer reporting agencies concerning Plaintiffs' payment on their debt to Citimortgage secured by Plaintiffs' home.

25.     Under 15 U.S.C. § 1681i, consumers such as Plaintiffs have the right to dispute what creditors have reported to consumer reporting agencies concerning consumers.

26.     In requiring Plaintiffs to withdraw their dispute with the consumer reporting agencies as to what Citimortgage reported in order to obtain approval of their loan application, Defendant discriminated against Plaintiffs because they had exercised the right provided under § 1681i, which is part of the Consumer Credit Protection Act.

## COUNT III
### Maryland Consumer Protection Act

27.     Plaintiffs hereby incorporate the preceding paragraphs 1 through 26 herein by reference as if the same were fully set forth herein.

28.     In stating that Plaintiffs would be approved or had been approved for the refinancing for which they were applying, Defendant through its employee Nezam made a false statement that had the capacity, tendency, or effect of misleading Plaintiffs.

29.     As a result of the statements of Nezam, Plaintiffs sustained damages through payment of the appraisal fee, loss in value of the automobile that they traded in, and use of their savings to pay credit cards that Nezam instructed them to pay.

## COUNT IV
### Actual Fraud

30.     Plaintiffs hereby incorporate the preceding paragraphs 1 through 29 herein by reference as if the same were fully set forth herein.

31.   The statements by Nezam that Plaintiffs had been approved or would be approved for the refinancing for which they applied were false.

32.   Nezam knew that these statements were false and made them for the purpose of inducing Plaintiffs to act upon them even though she knew that they were false.

33.   Plaintiffs relied upon these representations when they did what Nezam requested - paying the appraisal fee, trading in their automobile for another, and using their savings to pay credit cards that Nezam instructed them to pay - and they had a right to rely upon these statements by mortgage expert Nezam.

34.   Plaintiffs suffered damages as a result of their reliance upon these statements through loss of the value of the vehicle that they traded and through payment of the appraisal fee and the balances due on credit cards.

## COUNT IV
### Negligent Misrepresentation

35.   Plaintiffs hereby incorporate the preceding paragraphs 1 through 31 and 33 through 34 herein by reference as if the same were fully set forth herein.

36.   Defendant owed Plaintiffs a duty of care in accepting and then processing their application for a loan through the mortgage expert Nezam.

37.   In the alternative to the allegations of paragraph 32, Defendant through its agent Nezam (the mortgage expert), was negligent in making the false statements to Plaintiffs.

38.   Nezam intended that her statements to Plaintiffs would be acted upon by Plaintiffs.

-6-

39.     Nezam knew that Plaintiffs would rely upon her statements, and in fact Plaintiffs
did justifiably rely upon those statements.

WHEREFORE Plaintiffs demand judgment against Defendant in the amount of $250,000
(two hundred fifty thousand dollars) for all statutory, actual, and punitive damages (combined)
plus her reasonable attorney's fees incurred herein as well as prejudgment interest and the costs
of this action.

                                        AMIR SOHRAB
                                        CHARLENE SOHRAB
                                        By Counsel

                                        Ernest P. Francis

                                        Ernest P. Francis
                                        FR3485
                                        ERNEST P. FRANCIS, LTD.
                                        1655 North Fort Myer Drive
                                        Suite 700
                                        Arlington, VA 22209
                                        (703) 683-5696
                                        Fax

                                        Attorney for Plaintiffs


                                  JURY DEMAND

Plaintiffs hereby demand a jury trial in this action of all issues triable by a jury.

                                        Ernest P. Francis

                                        Ernest P. Francis

CERTIFICATION BY ATTORNEY WITH OUT OF STATE OFFICE

I hereby certify that I have been admitted to practice law in the State of Maryland.

Ernest P. Francis

Ernest P. Francis

-8-